37 C.C.P.A.(Patents)

## IPPOLITO v. NANCY ANN DRESSED DOLLS.
### Patent Appeal No. 5695.

United States Court of Customs and
Patent Appeals.

June 30, 1950.

J. Calvin Brown, Los Angeles, Cal. (Francis D. Thomas and Harry W. F. Glemser, Washington, D. C., of counsel), for appellant.

Hugh N. Orr, San Francisco, Cal., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL and JOHNSON, Judges.

JACKSON, Judge.

This is an appeal in a trade-mark opposition proceeding from a decision of the Commissioner of Patents, 77 U.S.P.Q. 547, affirming that of the Examiner of Interferences sustaining an opposition filed by appellee against the registration by appellant of the trade-mark "Toyland," as applied to dolls, pursuant to the Trade-Mark Act of 1905, 33 Stat. 724, as amended.

It appears that appellant, doing business under the fictitious name and style of Hollywood Doll Manufacturing Company, filed his application for registration, serial No. 481,229, on March 23, 1945. The mark was passed for publication and appeared in the Official Gazette of the Patent Office on December 4, 1945.

Appellee's notice of opposition is dated January 2, 1946. It alleged, as one ground for denying registration, that the mark sought to be registered so nearly resembles trade-marks of appellee for the same kind of goods as to be likely to cause confusion in trade. The registered marks of appellee relied upon are:

| | | | |
|---|---|---|---|
| Storybook | Reg. No. 389,114 | July 22, 1941 | |
| Little Bo Peep | Reg. No. 395,454 | May 26, 1942 | |
| Boy Blue | Reg. No. 404,875 | Dec. 7, 1943 | |
| Curly Locks | Reg. No. 404,581 | Dec. 7, 1943 | |
| Mother Goose | Reg. No. 413,233 | April 17, 1945 | |
| Mary Had A Little Lamb | Reg. No. 414,597 | June 19, 1945 | |
| Betty Blue | Reg. No. 417,245 | | |
| | (1920 Act) | Oct. 16, 1945. | |

The following applications were also cited by appellee:

| | |
|---|---|
| Red Riding Hood | Application filed March 8, 1944 |
| Fairyland Dolls | Application filed June 19, 1945 |
| Fairytale Dolls | Application filed June 19, 1945. |

A second reason alleged by appellee against the registration of appellant's mark is that the mark sought to be registered is commonly used to designate toy departments in general merchandising stores and therefore the mark is descriptive, in a general sense, of products, more specifically those of appellee, which are adapted for sale through such retail outlets.

The examiner held that the application for registration of "Fairyland Dolls" and "Fairytale Dolls" could not be considered for the reason that those marks are subsequent in date to the use by appellant of his mark. The examiner stated that as to the other marks relied upon by appellee, none

so resembles the mark sought to be registered in appearance, sound, or meaning so as to be likely to cause confusion of origin of the goods of the respective parties.

The examiner was of opinion that the exclusive use by appellant of his mark would be a restraint upon the rights of competitors, selling other toys, to employ commonplace language of description in merchandising their goods. He stated that "Toyland," in a very comprehensive sense, is descriptive of dolls and any other toy adapted for display and sale in the "Toyland" departments of stores and he then concluded that registration by appellant would be inconsistent with the right of dealers in toys, including appellee, in promoting their sales, to employ the term sought to be registered. Therefore he held that registration of appellant's mark would involve damage to appellee within the meaning of the statute. He sustained the notice of opposition and further adjudged that appellant was not entitled to his sought registration.

Upon appeal, the commissioner affirmed the decision of the examiner and further explicitly found, *ex parte,* that appellant is not entitled to the registration for which he made application.

■ It was noted by both the tribunals below that it was shown by testimony that the term "Toyland" is quite generally used in retail stores to identify that part of the store in which toys of various sorts are sold. That undoubtedly is a common practice in department stores. We agree with the tribunals below that such practice is a matter of common knowledge.

We cannot agree with the examiner and the commissioner that the term sought to be registered is generically descriptive of dolls and other playthings sold in the toy divisions of department stores. Clearly, the term "Toyland" is not descriptive of dolls in general or any other toy for sale in the toy department of any store. Moreover, the mark may not properly be held to be descriptive of the individual dolls manufactured by appellee. Therefore, we can see no reasonable likelihood of confusion in trade by the use by the parties of their respective marks as applied to identical goods.

■ The word "Toyland" we think, is a term in the public domain, but broadly descriptive of nothing more than toy departments and toy stores. Obviously, it is not descriptive of any particular product or line of toy products and therefore, in our opinion, is subject to appropriation and registration as a trade-mark, as claimed by appellant.

For the reasons hereinbefore set out, the decision of the commissioner is reversed.

Reversed.